## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**JERRY TODD BREWER**                                                          **PLAINTIFF**

**v.**                          **CASE NO. 3:12CV00315 BSM**

**JONESBORO POLICE DEPARTMENT, et al.**                          **DEFENDANTS**

## <u>ORDER</u>

Defendant Jeremy Wheelis's motion for partial summary judgment [Doc. No. 36] is granted.

Plaintiff Jerry Todd Brewer filed this lawsuit claiming that Wheelis, a Jonesboro police officer, used excessive force when he arrested Brewer.  Brewer is suing Wheelis in his individual and official capacities, and Wheelis now moves for partial summary judgment on the official capacity claim.

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial.  *Id.*  Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the nonmoving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th

Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

Summary judgment is granted because nothing in the record shows that the City of Jonesboro had a policy or custom that resulted in Brewer being deprived of a constitutional right. "A § 1983 action against a government official in his official capacity . . . is tantamount to an action directly against the public entity of which the official is an agent." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987). To support an official capacity claim, Brewer must show that Jonesboro had a policy or custom that caused the constitutional violation at issue. *Id.* Even if it is accepted that Brewer suffered a constitutional violation, nothing supports his contention that his deprivation was caused by a policy or custom of the City of Jonesboro. Indeed, in response to the motion for summary judgment, Brewer merely makes the bald statement that the Joneboro Police Department has a "custom of cuffing and searching citizens . . . before there is any threat or arrest." This statement, without support, does not constitute proof and is therefore not sufficient to overcome Wheelis's motion for summary judgment. "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002)

Accordingly, Wheelis's motion for partial summary judgment [Doc. No. 36] is granted.

IT IS SO ORDERED this 26th day of August 2014.

_____
UNITED STATES DISTRICT JUDGE