## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**JERRY TODD BREWER**                                                                              **PLAINTIFF**

**v.**                               **CASE NO. 3:12CV00315 BSM**

**JEREMY WHEELIS,**
**in his Individual Capacity**                                                         **DEFENDANT**

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case was tried to the bench on July 13, 2015.  Having listened to the testimony and reviewed the exhibits introduced into evidence, judgment is entered for defendant Jeremy Wheelis, and against plaintiff Jerry Todd Brewer.

## I. FINDINGS OF FACT

Plaintiff Jerry Todd Brewer was at the home he shared with a female roommate when she and his girlfriend came to the residence drunk.  Brewer was on parole and his girlfriend was on probation, so he was upset that his roommate had taken his girlfriend out and gotten drunk.  Consequently, he began to argue with his roommate, who called the police.

By the time Jonesboro police officers Jeremy Wheelis and Rick Davis responded to the call,  Brewer had left the residence, so Wheelis drove around the neighborhood to locate him.  When Wheelis returned to the residence, Brewer was standing against the house. Wheelis called Brewer's parole officer, who informed him that, per the terms of Brewer's parole and his girlfriend's probation, they were not supposed to be together.  Davis entered the house to take Brewer's girlfriend into custody, while Wheelis approached Brewer. Although Brewer did not recognize Wheelis, the officer recognized Brewer from a previous

arrest.  Neither man had ever had a bad encounter with, nor harbored ill-will toward, the other.

Wheelis told Brewer he was under arrest, and placed him into handcuffs.  He then stood behind Brewer and removed Brewer's hat from his head.  In doing so, Wheelis inadvertently pulled on some of Brewer's hair, which caused Brewer to instinctively jerk his head forward.  Believing Brewer to be agitated, Wheelis pushed Brewer against a vehicle that was parked in the driveway and then attempted to turn Brewer around and take him to the ground.  In doing so, Wheelis was unable to support Brewer's body weight and Brewer fell hard to the concrete "like a sack of potatoes" and injured his nose and knee.  Wheelis helped Brewer into a chair, found a rag to staunch the bleeding on Brewer's nose, and called an ambulance.  Brewer was transported to the hospital for treatment and then placed into custody.

Both Brewer and Wheelis were credible witnesses and neither appeared to give testimony with the intent to mislead the fact-finder.  Moreover, apart from a few details, their accounts of the arrest are very similar.

## II. CONCLUSIONS OF LAW

Judgment is entered for Wheelis because Brewer did not suffer a constitutional violation.  Further, even if Brewer suffered a constitutional violation, judgment would be entered for Wheelis because he is immune from this lawsuit.

42 U.S.C. section 1983 is not a source of substantive rights, but is merely a vehicle to vindicate rights elsewhere conferred.  *See Roach v. City of Fredericktown, Mo.*, 882 F.2d

294, 297 (8th Cir. 1989).   Negligence, even gross negligence, does not amount to a section 1983 claim. *See id.*   Thus, the initial inquiry is whether Brewer suffered the violation of a constitutional right through Wheelis's use of force, which Brewer contends was excessive.

The standard for determining excessive force is whether the force used was objectively reasonable under the particular circumstances.   *See Coker v. Arkansas State Police*, 734 F.3d 838, 842 (8th Cir. 2013).   Reasonableness is judged from the perspective of a reasonable officer on the scene, without the benefit of hindsight.   *Id.*   During an arrest, an officer is permitted to use some degree of physical coercion or threat.   *Id.*   Additionally, a court must balance an individual's Fourth Amendment interests against the relevant governmental interests.   *Id.*   Relevant considerations may include:

> [T]he severity of the crime; whether the suspect poses a threat of harm to others; whether the suspect is resisting arrest . . . whether the situation is 'tense, uncertain, and rapidly evolving,' which would force an officer to make 'split-second judgments' about how much force is necessary.

*Id.* at 842–43.   The severity of the plaintiff's injuries may also be considered, as well as whether the police used standard procedures.   *Mann v. Yarnell*, 497 F.3d 822, 826 (8th Cir. 2007).

Brewer's excessive force claim is based on three of Wheelis's acts.   In the first act, Wheelis snatched Brewer's hat from his head and accidently pulled Brewer's hair.   When, as a reflex, Brewer jerked his head, Wheelis committed the second and third acts, which were pushing Brewer against a vehicle and then taking him to the ground.   Wheelis contends that, at most, he may be guilty of negligence.   Brewer agrees that Wheelis did not attempt to hurt him when Wheelis took him to the ground, and that Wheelis probably did not realize how heavy Brewer was and lost control.

Judgment is entered for Wheelis because neither pulling Brewer's hat off his head, nor pushing Brewer into the vehicle rise to the level of excessive force, especially given the circumstances.  Further, although the take-down could, under different circumstances, possibly rise to the level of excessive force, there is agreement that Wheelis did not intend to hurt Brewer and that, at most, his actions were negligent, which is not actionable under section 1983.  *See Roach*, 882 F.2d at 297.  Finally, judged from the perspective of a reasonable officer on the scene, none of Wheelis's actions, even when taken together, constitute excessive force.  If Wheelis's conduct were to be considered excessive force, nearly every arrest would result in a constitutional violation.

Wheelis is also entitled to qualified immunity.  In considering whether to grant qualified immunity, a determination must be made as to: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right; and (2) whether that right was clearly established at the time of the defendant's alleged misconduct.  *Estate of Morgan v. Cook*, 686 F.3d 494, 496 (8th Cir. 2012).  Brewer has not shown that Wheelis's conduct resulted in the violation of a clearly established constitutional right.  Simply put, there is no clearly established constitutional right for an arrestee to be free from hat removal, being placed against a car, or being taken to the ground under the circumstances of this case.

Consequently, judgment is entered in favor of Wheelis and an appropriate judgment shall accompany this order.

IT IS SO ORDERED this 21st day of July 2015.

UNITED STATES DISTRICT JUDGE